# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS            Date: May 13, 2022

Title: AMANDA BOUDREAUX ET AL. V. ABBVIE, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Dajanae Carrigan for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO REMAND [20]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 20) brought by Plaintiffs Amanda Boudreaux and Bill Boudreaux ("Plaintiffs"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **DENIES** the Motion.

### I. Background

#### A. Facts

Plaintiff Amanda Boudreaux received a bilateral wedge mastopexy ("Breast Lift") in which Defendants Allergan, Inc., Allergan USA, Inc., AbbVie, Inc., and Sofregen Medical Inc's (collectively, "Defendants") SERI Surgical Scaffold Mesh was used. Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS                                          Date: May 13, 2022
                                                                                          Page 2

at 1. She suffered injuries that she alleges were the result product's design defect and Defendants' failure to warn and negligence. *Id.* at 3. Plaintiffs are citizens of California. *Id.* They assert that Defendant Allergan, Inc. is a citizen of the State of California where the action was filed. *Id.* at 1. Allergan, Inc. asserts that for diversity jurisdiction purposes its principal place of business it not in California, but in Illinois. *Id.* at 6.

### B. Procedural History

Plaintiffs filed suit in Orange County Superior Court on February 4, 2022, against Defendants. On March 17, 2022, Defendants removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1).

Plaintiffs filed the instant Motion to Remand on April 12, 2022. Defendants filed their Opposition ("Opp'n") (Dkt. 26) on April 25, 2022, and Plaintiff replied ("Reply") (Dkt. 31) on May 2, 2022.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS                                                      Date: May 13, 2022
                                                                                                                           Page 3

### III. Discussion

The forum defendant rule provides that "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiffs argue that Allergan, Inc.'s principal place of business is California, and thus is in violation of the forum defendant rule. Notice of Removal at 1. Allergan, Inc. argues that it has not violated the forum defendant rule because its principal place of business is in Illinois, making it a citizen of Illinois. Opp'n at 1.

There is a strong presumption against removal jurisdiction as per 28 U.S.C. § 1441. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). Federal jurisdiction must be rejected, and the case must be remanded "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Where a party seeks to remove a case from state to federal court under 28 U.S.C. § 1441, the proponent of removal bears the burden of establishing federal jurisdiction by a preponderance of evidence." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Here, the Court agrees with Plaintiffs that there is a substantial question regarding Allergan, Inc.'s principal place of business. To support its claim for citizenship, Allergan, Inc. has only provided a single declaration from its inhouse counsel. *See generally* Declaration of Jennifer Lagunas ("Lagunas Decl.") (Dkt. 26-1). The Declaration—just five short paragraphs—makes the conclusory assertion that Allergan, Inc. relocated its principal place of business to Chicago without providing any supporting details. *Id.* ¶ 5. For example, Allergan, Inc. could have specified the location and position held of each high-ranking individual they employ; supplied this Court with an Illinois address belonging to Allergan, Inc.; or explained the breadth and depth of ongoing administrative work in Illinois. They did not. Specifying these details is particularly important here when Plaintiffs have highlighted Allergan, Inc.'s strong ties to California. Plaintiffs specifically note that fourteen high-level officers, including the President of Allergan, Inc., currently operate out of California, and that Allergan, Inc. has continued to use its California address as its headquarters in recent FDA and SEC filings. The fact that defendants are in the process of transitioning their principal place of business does not necessarily take them out of the jurisdiction of California for diversity purposes, and at the very least, not under the facts presented.

Allergan, Inc. relies on *Balian v. Home Depot U.S.A.*, Inc., No. CV1704837BROMRWX, 2017 WL 4083563, at *2 (C.D. Cal. Sept. 14, 2017) to assert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS												Date: May 13, 2022
																				Page 4

that they can and have satisfied their burden by furnishing a declaration. Opp'n at 2. However, *Balian* can be distinguished. In *Balian*, the defendants supplied a declaration far more detailed than the one here – it specified that its "finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal functions are all centralized in its Atlanta Headquarters." Moreover, the plaintiff in *Balian* did not dispute the location of the company's corporate headquarters, but instead argued that the "substantial predominance" of its business activity made another state its principal place of business. *Id.* at 3. Unlike the declaration in *Balian*, Allergan, Inc.'s Declaration fails to satisfactorily elaborate what high-level operations are taking place in Chicago. Allergan, Inc.'s Declaration merely explains that "Defendants began the process of moving each of their headquarters," and that "[t]his process required appointing high-level officers and moving company documents, including corporate governance documents." Lagunas Decl. ¶ 4. As Plaintiffs note, Allergan, Inc.'s corporate ties to California are significant, particularly when it has been almost nine months since the "headquarters move was completed." If the move was truly "completed," this Court would have liked to see more evidence to that effect.

Allergan, Inc. also relies on *Sandoval v. Lifecell Corp.*, No. CV2117705BRMLDW, 2021 WL 6498110, at *4 (D.N.J. Dec. 3, 2021), in which that court ultimately ruled in Allergan, Inc.'s favor on the basis a declaration nearly identical to the one submitted here. The *Sandoval* court noted that the declaration was "somewhat sparse, comprising four paragraphs that lack granular detail," but ultimately found the declaration satisfactory. This Court does not. *Sandoval* was decided on December 3rd, 2021, almost five months ago. Allergan, Inc. cannot hide behind an endless transition period and, as a result, escape the jurisdictional reach of every state where it runs into legal trouble.

Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). Here, Plaintiffs have raised substantial questions about Allergan, Inc.'s principal place of business, and Allergan, Inc. has failed to adequately address these concerns. Accordingly, Allergan, Inc. has not met its burden to prove its citizenship by a preponderance of the evidence. As such, the Court DENIES the Motion to Remand at this time but PERMITS limited jurisdictional discovery on this matter. Plaintiffs have until May 23, 2022 to submit a brief of no more than 5 pages on the jurisdictional issue post-discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADSDate: May 13, 2022
Page 5

Defendants have until May 26, 2022, to submit their response of no more than 5 pages to Plaintiffs' brief.

## IV.Disposition

For the reasons set forth above, the Court **DENIES** the Motion to Remand.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11Initials of Deputy Clerk: dca/kdu

CIVIL-GEN