JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS          Date: June 10, 2022

Title: AMANDA BOUDREAUX ET AL. V. ABBVIE, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND [20]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 20) brought by Plaintiffs Amanda Boudreaux and Bill Boudreaux ("Plaintiffs"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** the Motion and **REMANDS** this case to the Superior Court of California, County of Orange.

**I. Background**

Plaintiff Amanda Boudreaux received a bilateral wedge mastopexy in which Defendants Allergan, Inc., Allergan USA, Inc., AbbVie, Inc., and Sofregen Medical Inc.'s (collectively, "Defendants") SERI Surgical Scaffold Mesh was used. Mot. at 1. She

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS                                                           Date: June 10, 22
                                                                                                                                            Page 2

suffered injuries that she alleges were the result of the product's design defect, Defendants' failure to warn, and negligence. *Id.* at 3.

Plaintiffs filed suit in Orange County Superior Court on February 4, 2022. On March 17, 2022, Defendants removed the action to this Court. *Id.*

Plaintiffs are citizens of California. *Id.* They assert that Defendant Allergan, Inc. is also a citizen of California, where the action was filed. *Id.* at 1. Allergan, Inc. asserts in its notice of removal ("Not. of Removal") (Dkt. 1) that for diversity jurisdiction purposes, its principal place of business is not in California, but in Illinois. Not. of Removal ¶ 15.

Plaintiffs filed the instant Motion to Remand on April 12, 2022. Defendants filed their Opposition ("Opp'n") (Dkt. 26) on April 25, 2022, and Plaintiffs replied ("Reply") (Dkt. 31) on May 2, 2022. The Court granted jurisdictional discovery on May 13, 2022. Plaintiffs submitted their supplemental briefing ("Supp. Memo") (Dkt. 37) on May 23, 2022. Defendants responded ("Supp. Opp'n") (Dkt. 39) on May 26, 2022.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS                                         Date: June 10, 22
                                                                                                              Page 3

### III. Discussion

The Court's review of the parties' supplemental briefs and exhibits leaves it asking more questions than the Defendants have answered. Both parties agree that the question in this matter is whether Allergan, Inc.'s high-level officers direct, control, and coordinate the corporation's activities from North Chicago, Illinois; Irvine, California; or some other location. Although Defendants have "the burden of establishing federal jurisdiction" as the "proponents of removal," they have not come close to meeting their burden. *Ethridge*, 861 F.2d at 1393. In fact, Defendants' briefings imply a type of gamesmanship that the Court finds concerning.

To begin, Defendants argue that Plaintiffs failed to "depose" the declarants or could have sought to make further jurisdictional inquiries. Supp. Opp'n at 4. This misconstrues Defendants' burden. By the same token, Defendants failed to provide any examples of high-level decisions recently made in North Chicago, Illinois. At base, the Court is concerned by the lack of a decisive answer to the corporate citizenship question from either party. Although Plaintiffs may have erred in not conducting further inquiries into the locational intricacies of Defendants' corporate structure, the burden is nonetheless on Defendants as the removing party to provide clarity to the Court. Instead of clarity, Defendants assert that Plaintiffs have a "fundamental misunderstanding of Allergan, Inc.'s corporate structure," but do not themselves explain what their corporate structure is. Supp. Opp'n at 3. The Court is left sharing Plaintiffs' "fundamental misunderstanding."

The Court now addresses several specific arguments made by Defendants in support of diversity jurisdiction.

First, Defendants contend that official documents listing "its corporate address" as Illinois are dispositive. Supp. Opp'n at 1. The "nerve center" of a corporation is where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend.*, 559 U.S. 77, 92-93 (2010). If the Court accepted an address as dispositive, it could just as easily rule in favor of Plaintiffs on the basis of Defendant Global Allergan Aesthetics' California address at 2525 Dupont Drive, Irvine, California. *See* Supp. Memo at 3; *see also* Supp. Opp'n at 3. Similarly, Defendants argue that a corporate resolution about moving headquarters to Illinois suffices to demonstrate its principal place of business. Supp. Opp'n at 2. Corporations across this country routinely make representations about moving, in part due to various states' favorable business climates. But corporations cannot use financial stratagems as shields for avoiding jurisdiction. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS                                                    Date: June 10, 22
                                                                                                                                       Page 4

issue under *Hertz* is the actual locus of corporate control, not corporate say-so. Identifying Allergan, Inc.'s principal place of business by pointing to documents does not prove that this locus of control is actually in Illinois. Moreover, while Defendants minimize the "overlap" in shared corporate addresses, Plaintiffs note that that little documentation refers to Allergan, Inc.—almost all exhibits submitted refer to AbbVie, and Defendants do not specify where each Defendant is located. Supp. Opp'n at 2. Given the conclusory statements in the provided documents and the lack of specificity about individual Defendants, the Court finds that the corporate addresses and financial documents are not sufficient to meet Defendants' burden of proof.

      Second, Defendants' produced discovery documents are unhelpful to the Court because of their vague references to the individual Defendants. Some documents refer to AbbVie instead of Allergan, Inc., *see* Supp. Memo Ex. 3, while others refer only to "Allergan" without further explanation of which child company they reference, *see* Supp. Memo Ex. 2, 6, 7, 8. This lack of clarity leaves the Court puzzled. One document contains is a conclusory reference to Allergan, Inc. Supp. Opp'n Ex. 5. Another document, an FDA filing, refers to "Allergan, Inc." and lists Irvine as its address with a "date of registration status" of 2022. Supp. Memo Ex. 9. Company websites for Allergan Aesthetics, Global Allergan Aesthetics, and Allergan, Inc. all refer to their company as "Allergan" and are thus equally unhelpful. One thing is clear: whichever "Allergan" is being referred to, there is one located at 2525 Dupont Drive, in Irvine, California. *See id.* (FDA filing for Allergan, Inc. with a 2022 "owner/operator" address in Irvine, California). As mentioned above, while Defendants fail to demonstrate a definite instance of organizational control in Illinois, there is clear evidence of some administrative function in California. The record therefore fails to establish that Defendants' principal place of business is *not* Irvine, California.

      Third, Defendants do not have a persuasive explanation for the fact that New Jersey is listed as Allergan USA's "Allergan U.S. Administrative Headquarters" on its website (the same website that is automatically forwarded to AbbVie.com). ALLERGAN, *Locations*, https://www.allergan.com/locations/united-states#maincontent (last visited June 1, 2022). Defendants' response to this website information is to assert "that Defendants may still be in the process of updating various websites[, which] does not alter the fact that Allergan, Inc.'s principal place of business and 'nerve center' has in fact changed to Illinois." Opp'n at 6. This answer is inadequate, particularly given that Defendants assert their principal place of business has been North Chicago, Illinois since

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00424-DOC-ADS								Date: June 10, 22
												Page 5

at least August 1, 2021. *Id.* Allergan, Inc. cannot hide behind an endless transition period to escape the jurisdictional reach of every state.

      Finally, Defendants argue that diversity is proven on the basis that Carrie Strom is the president of *Global Allergan Aesthetics*, "a business unit that is merely one part of Allergan, Inc." *Id.* at 3. Because of this corporate structure, Defendants argue that Ms. Strom's location in Irvine, California has no bearing on the citizenship question here. The issue is that despite this corporate structure, Defendants' supplemental brief reveals that Global Allergan Aesthetics is a party to this suit. *See, e.g.*, Not. of Removal; Opp'n; Supp. Opp'n. Since Ms. Strom is the president of Global Allergan Aesthetics, one party maintains its principal place of business in California, which itself eviscerates diversity jurisdiction. Further, Ms. Strom appears on an Allergan Aesthetics webpage along with corporate officers from Allergan Aesthetics located in Irvine, California. *See* Supp. Memo Ex. 8. This means that regardless of whether Ms. Strom is the leader of Allergan, Inc. or Allergan Aesthetics, as Plaintiffs contend, or of Global Allergan Aesthetics, as Defendants contend, she is located in California and exercises control along with other corporate officers. All three of these entities are named parties to this action, so the existence of any one of them in California is sufficient to destroy diversity jurisdiction. Thus, Defendants' claim that "there is complete diversity of citizenship between Plaintiffs and all named Defendants" is false. Not. of Removal ¶ 13.

      In sum, given Ms. Strom's location and Defendants' failure to clear up its locational confusion, the Court must "resolve any uncertainty in favor of remanding the case to state court." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Since Allergan, Inc. has not met its burden to prove its citizenship, the Court GRANTS the Motion to Remand.

### IV.  Disposition

      For the reasons set forth above, the Court **GRANTS** the Motion to Remand and **REMANDS** this case to the Superior Court of California, County of Orange.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11												Initials of Deputy Clerk:kdu

CIVIL-GEN

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00424-DOC-ADS									Date: June 10, 22
																				Page 6